|  |  |
|---|---|
| **UNITED STATES OF AMERICA and the STATE OF NORTH CAROLINA,**<br><br>        **Plaintiffs,**<br> **v.**<br><br>**THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, d/b/a CAROLINAS HEALTHCARE SYSTEM,**<br><br>        **Defendant.** | **PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

 **WHEREAS** the United States of America and State of North Carolina ("Plaintiffs") filed this civil antitrust action against the Defendant;

 **WHEREAS** the information relevant to the issues in this action will likely include commercially-sensitive and/or competitive health care information, such as information pertaining to present or future business strategies, costs, and margins, and may include personal health information;

 **WHEREAS** Fed.R.Civ.P. 26(c)(1)(G) provides that the Court may, for good cause shown, require that a "trade secret, or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;"

 **WHEREAS** the Court and the parties seek to facilitate orderly and efficient party and third-party discovery to "secure the just, speedy, and inexpensive determination" of this action, Fed.R.Civ.P. 1;

**WHEREAS** the parties consent to the entry of this Protective Order Regarding Confidentiality; and

**WHEREAS** the Court hereby finds that there is good cause to enter this Protective Order Regarding Confidentiality to shield commercially-sensitive, competitive health care and personal health information;

**IT IS THEREFORE ORDERED** that the following restrictions and procedures shall apply to Materials provided by any Producing Person that contain Confidential Information or Highly Confidential Information as defined herein.

**A.  Definitions**

For purposes of this Order, the following definitions apply:

1.  "Confidential Information" means any Material which contains any "trade secret or other confidential research, development, or commercial information," Fed.R.Civ.P. 26(c)(1)(G); protected personal information including protected personal health information; Protected Health Information, as that term is defined by the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164; and competitive health care information, as defined in Chapter 131E of the North Carolina General Statutes.

2.  "Highly Confidential Information" means any Confidential Information that the Producing Person reasonably believes to be so sensitive that it is entitled to extraordinary protections.

3.  "Investigation Materials" means any Materials provided by any Producing Person, either voluntarily or under compulsory process, to any party in response to Plaintiffs' pre-

complaint inquiry into the matters at issue in this action, including statements under oath and any exhibits thereto.

4. "Materials" means any document, information, or transcript of testimony that is either (a) Investigation Materials or (b) provided to any party in connection with the litigation of this action.

5. "Producing Person" means any person that provides or has provided Materials.

6. "DiCesare v. CHS" or "state court" refers to a civil action presently pending in the Superior Court Division of the General Court of Justice of Mecklenburg County and assigned to the North Carolina Business Court entitled "Christopher DiCesare, James Little, and Johanna Macarthur, individually and on behalf of all others similarly situated, Plaintiffs, v. The Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas HealthCare System, Defendant" and bearing civil docket number 16-CvS-16404.

**B. Protection of Confidential Information or Highly Confidential Information in Investigation Materials**

7. Within ten business days of the Court's entry of this Order, each party must send by email, facsimile, or overnight delivery a copy of this Order to each non-party Producing Person (or, if represented by counsel, the non-party Producing Person's counsel) that provided to that party any Investigation Materials relevant to this action.

8. A Producing Person shall have 60 days after receiving a copy of this Order (the "Designation Period") to designate as Confidential Information or Highly Confidential Information any Investigation Materials to the extent the Producing Person determines, in good faith, that the Materials include Confidential Information or Highly Confidential Information, and that such designation is necessary to protect the interests of the Producing

Person. Such Investigation Materials may be so designated, if they have not already been designated, by providing written notice by overnight mail or email to the party to which the Investigation Materials were produced that includes (i) copies of the Investigation Materials stamped with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" as appropriate or (ii) identification of the document(s) and page number(s), or page and line number of testimony, containing the Confidential Information or Highly Confidential Information. Until the expiration of this Designation Period, all Investigation Materials will be treated as Highly Confidential Information in their entirety.

9. Counsel for Plaintiffs and Defendant to be notified are as follows:

For Plaintiff United States:

John R. Read
U.S. Department of Justice
450 Fifth Street NW, Suite 4000
Washington, DC 20530
John.Read@usdoj.gov

For Plaintiff State of North Carolina:

K.D. Sturgis
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
KSturgis@ncdoj.gov

For Defendant:

James P. Cooney III
Suite 3500
One Wells Fargo Center
301 South College Street
Charlotte, North Carolina 28202
JCooney@wcsr.com

10. If a non-party Producing Person determines that this Order does not adequately protect its Confidential Information or Highly Confidential Information, it may, within 30 days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information or Highly Confidential Information. If a non-party Producing Person seeks additional protection from the Court, any Investigation Materials for which additional protection has been sought will not be provided to other persons until the Court has ruled.

**C.** **Protection of Confidential Information or Highly Confidential Information in Discovery**

11. Whenever discovery is sought from any non-party in this action, a copy of this Order must accompany the discovery request or subpoena, unless a party has already provided the non-party with a copy of this Order. Non-parties may designate Materials as Confidential Information or Highly Confidential Information pursuant to the procedures set forth in this Order.

12. Any Producing Person (including through counsel) may designate all or any part of any Materials as Confidential Information or Highly Confidential Information to the extent the Producing Person determines, in good faith, that the Materials include Confidential Information or Highly Confidential Information, and that such designation is necessary to

protect the interests of the Producing Person. For designations of Confidential Information or Highly Confidential Information that occur after entry of this Order, the designations shall be made by using the labels as appropriate: "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER".

13. All transcripts of depositions, including deposition exhibits, taken in this action after entry of this Order will be treated as Highly Confidential Information in their entirety for 21 days after the date a copy of the final transcript has been made available to the deponent (or to the deponent's counsel, if applicable) for review. It is the obligation of the first party that noticed the deposition to arrange for the final transcript to be furnished to the deponent within five business days of receipt, unless the deponent has arranged to receive a copy of the final transcript directly from the court reporter. During the 21 days following receipt of the final transcript, the deponent may designate all or any part of the testimony including exhibits as Confidential Information or Highly Confidential Information. Such designations must be provided in writing by the deponent to all parties. For purposes of this paragraph, a transcript that is available for the deponent to read-and-sign is considered a final transcript.

14. Any production of Materials not designated as Confidential Information or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such Materials if the Producing Person later designates the Materials as Confidential Information or Highly Confidential Information. If at any time prior to the trial of this action, a Producing Person realizes that it should have designated as

Confidential Information or Highly Confidential Information any Materials that Person previously produced during discovery in this action, it may so designate such Materials by notifying the parties in writing. The parties shall thereafter treat the Materials pursuant to the Producing Person's new designation under the terms of this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

15.   Inadvertent production of any document provided by any Producing Person in this litigation, including in response to any discovery request, subpoena, or agreement by any party or non-party, that the Producing Person later determines in good faith should have been withheld from production on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

a.   The Producing Person may request the return of any Inadvertently Produced Privileged Document by identifying the Inadvertently Produced Privileged Document and stating the basis for the claim that the Document should have been withheld and providing a privilege log that provides the information provided by Fed.R.Civ.P. 26(b)(5) and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected. If a Producing Person requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the possession of one or more parties, the possessing parties shall, within five (5) business days, sequester, destroy, or

return to the requesting party or non-party, the Inadvertently Produced Privileged Document and all copies thereof, provided, however, that the receiving party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph. Absent the Court's ruling that the Inadvertently Produced Privileged Document is not subject to a valid privilege claim, the possessing party must promptly expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document.

b.   No party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

c.   If the request for return of an Inadvertently Produced Privilege Document involves redaction of the Document, the redacted version of the Document must be provided within ten (10) business days together with a privilege log that includes the information required by Fed.R.Civ.P 26(b)(5) and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

d.   If the request for return of an Inadvertently Produced Privilege Document occurs during the taking of a deposition or shortly before the occurrence of a deposition, the Producing Person's counsel, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary including a reopening that would have the effect of extending the time limit for a duration of a deposition. Nothing in this Paragraph prohibits examining counsel to *voir dire* a deponent about the matters set forth in Fed.R.Civ.P. 26(b)(5) concerning the Document.

e.   If an expert report or expert's testimony uses a document that another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Order, and if necessary, remove any

reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report not the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response, or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

16. Public Records Requests.

a. During the course of this litigation, and within 5 business days of the receipt by Plaintiff State of North Carolina of a request under the North Carolina Public Records Act, N.C. GEN. STAT. § 132 (2016), to inspect, examine, or copy Materials in its possession, custody, or control, counsel for the North Carolina Department of Justice must provide notice of such request to each Producing Person of such Materials. Absent an Order from this Court, the North Carolina Department of Justice must not disclose any Confidential Information or Highly Confidential Information pursuant to any such request. In addition, communications between any person at the North Carolina Department of Justice and any person at the United States Department of Justice made pursuant to a privileged common-interest in the joint prosecution of this action are considered trial preparation materials. As such, Plaintiff State of North Carolina may not disclose such communications under the

North Carolina Public Records Act except with the consent of the United States Department of Justice.

b.   During the course of this litigation, and within 5 business days of the receipt by Defendant, The Charlotte-Mecklenburg Hospital Authority, of a request under the North Carolina Public Records Act, N.C. GEN. STAT. § 132 (2016), to inspect, examine, or copy Materials in its possession, custody, or control, counsel for Defendant must provide notice of such request to each Producing Person of such Materials. Absent an Order from this Court, Defendant must not disclose any Producing Person's Confidential Information or Highly Confidential Information pursuant to any such request.

**D.   Challenges to Designation of Confidential Information or Highly Confidential Information**

17. Any party may challenge any designation of any Materials as Confidential Information or Highly Confidential Information. In the event of such a challenge, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the party challenging the designation may thereafter file a motion seeking resolution by the Court. The designated information shall be treated in accordance with its confidentiality designation under this Order until the Court rules on the motion.

18. Nothing in this Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this action is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of any Materials designated as Confidential Information or Highly Confidential Information, in accordance with applicable law.

**E. Disclosure of Confidential Information and Highly Confidential Information**

19. Unless otherwise ordered by this Court, or otherwise provided in this Order, Confidential Information and Highly Confidential Information will be held and used by the person receiving the Confidential Information and Highly Confidential Information solely in connection with the above-captioned action.

20. Any Materials that contain Confidential Information shall not be disclosed to any person, except:

    a.  The Court and all persons assisting the Court in this action, including court reporters and members of the Clerk's Office.

    b.  Plaintiffs' attorneys and employees, and independent contractors retained by any Plaintiff to assist in the prosecution of this action or otherwise assist in its work (including testifying or consulting experts and their support staff).

    c.  Outside counsel acting for the Defendant in this action, and independent contractors retained by the Defendant to assist outside counsel in the litigation of this action or otherwise assist in its work (including testifying or consulting experts and their support staff).

    d.  Outside vendors or service providers (such as copy-service providers and document-management consultants) retained by any party to assist in the prosecution or defense of this action or otherwise assist in its work only on the condition that each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A.

e.   Authors, addressees, and recipients of any particular Materials designated as Confidential Information, solely to the extent that they have previously had lawful access to the particular Materials disclosed or to be disclosed.

f.   Persons (and their counsel) whom any Plaintiff or Defendant believes, in good faith, to have previously had lawful access to any Material designated as Confidential Information, or who have been participants in a communication that is the subject of the designated Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such Confidential Information to which they may have had lawful access or that is the subject of the communication in which they may have participated; provided that, unless and until the person or their counsel confirms that the person had prior lawful access or was a participant, only as much of the Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation; and

g.   No more than two in-house lawyers (and necessary support staff) for the Defendant in this action ("CHS's Selected In-House Lawyers") may have access to Confidential Information (but not Highly Confidential Information) of a Producing Person that is not the Defendant. Defendant shall provide to Plaintiffs and to any Producing Person who has Confidential Information that may be disclosed to CHS's Selected In-House Lawyers (a) the identities of CHS's Selected In-House Lawyers (and all necessary support staff) and (b) a signed declaration from each of CHS's Selected In-House Lawyers and all necessary support staff declaring that he/she has read this Protective Order, understands that he/she may use Confidential Information (that is not the Defendant's Confidential

Information) only for the purpose of this litigation (or the case of DiCesare v. CHS pending in state court), and will comply with and be personally bound by this Protective Order. Neither Defendant's Executive Vice-President and General Counsel nor any lawyer who either reports directly to Defendant's Board (other than to report to the Board on this litigation or the state court litigation), or supervises, advises or counsels Managed Health Resources or any of Defendant's contracting or negotiations with any payor may serve as a CHS Selected In-House Lawyer. Necessary support staff shall not have responsibility for or participation in supporting the Executive Vice-President and General Counsel or any lawyer who either reports directly to Defendant's Board (other than to report to the Board on this litigation or the state court litigation) or in matters involving Managed Health Resources or any other contracting or negotiations with any payor.

21. Highly Confidential Information may be disclosed only to any person falling within categories (a) through (f) of Paragraph 20.

22. In the event that a party intends to disclose Highly Confidential Information to a consultant or expert who works, or has a present plan to work, either as an employee or a consultant in the healthcare industry and who negotiates or consults on the negotiations, or has any role in the review or approval of such negotiations, between healthcare providers located in North Carolina, South Carolina, and Georgia and health insurers (an "Industry Participant"), then such party (the "Notifying Party") shall notify the Producing Person, and provide ten (10) business days written notice during which the Producing Person may seek an Order from the Court precluding such disclosure. The Notifying Party must not disclose any such Highly Confidential Information to an Industry Participant absent either

a ruling from the Court rejecting the challenge of the Producing Person or the passage of ten (10) business days without written notice from the Producing Person that it is seeking an Order from the Court precluding disclosure. In the event that a party intends to disclose Highly Confidential Information to an Industry Participant, before receiving any Confidential Information, the Industry Participant must sign an agreement to be bound by this Order in the form attached as Exhibit A. It is expressly understood that "Industry Participant" excludes academics, accountants, behavioral psychologists, economists, IT consultants, statisticians, and attorneys, whose primary role in the industry is testifying or consulting in legal and regulatory proceedings.

23. Prior to a party's disclosure or display of Confidential Information or Highly Confidential Information to any person in (b), (c), (e), or (f) of Paragraph 20, counsel for the party must**:**

> a.  Inform the person of the confidential nature of the Material; and

> b.  Inform the person that this Court has enjoined the use of the Material by him/her for any purpose other than this litigation (except as provided in this Order) and has enjoined the disclosure of the Material to any other person (except as provided in this Order).

24. Nothing contained in this Order:

> a.  Affects or restrict the rights of any party with respect to its own Materials;

> b.  Prevents Plaintiffs, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing Confidential Information or Highly Confidential Information (i) in the course of any other legal proceeding in which the U.S.

Department of Justice or the North Carolina Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this action; or (iii) for law enforcement purposes; or

c. Prevents Plaintiff United States' retention or use or disclosure of Investigation Materials outside the context of this action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order or regulation.

25. In the event of a disclosure of any Confidential Information or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure shall promptly notify the Producing Person whose Material has been disclosed and provide to such Producing Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed Material or waive the right to maintain the disclosed Material as containing Confidential Information or Highly Confidential Information.

26. Any order of this Court requiring the production of any Materials constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**F.  Use of Confidential Information and Highly Confidential Information in This Action**

27. If any Confidential Information or Highly Confidential Information is included in any pleading, motion, exhibit, or other paper to be filed with the Court, the party making the filing shall follow the procedures set forth in Local Civil Rule 6.1, as supplemented by this Paragraph. For purposes of this action, this Protective Order is "a previously entered Rule 26(e) Protective Order" under Local Civil Rule 6.1(B).

    a.   If a Party uses any other Party's or a Third Party's Confidential Information or Highly Confidential Information in any court filing (the "Using Party"), the Using Party must file a Motion To Temporarily Seal. The Using Party must submit with the motion a proposed order that if signed by the Court would have the effect of keeping the Confidential Information or Highly Confidential Information under seal for 21 calendar days.

    b.   Within 3 business days of filing the Motion To Temporarily Seal, the Using Party must serve the Producing Person (by e-mail or other means) with the Motion To Temporarily Seal and a copy of this Order.

    c.   The Producing Person and all parties must conduct a meet-and-confer over the treatment of the Producing Person's Confidential Information or Highly Confidential Information at issue in the Motion to Temporarily Seal.

    d.   Within 21 days of notification of the Producing Person, and after a meet-and-confer, the Using Party shall submit to the Court any proposed agreed-upon order that would continue the protections contained in this Order for Confidential Information or Highly Confidential Information and the request that the Court should order such information to be maintained under seal.

e.   To the extent the Producing Person and the parties have disputes upon the conclusion of the meet-and-confer, the Producing Person must file a Motion to Seal that complies with Local Civil Rule 6.1. To the extent that the Producing Person and the parties are unable to schedule a meet-and-confer within the 21-day period, the Producing Person shall be entitled to file a Motion to Seal and shall inform the Court in the Motion of any circumstances that prevented a meet-and-confer.

f.   If, at the expiration of the 21-day period, the parties (including the Producing Person) have failed to submit a proposed agreed-upon order, or the Producing Person has not filed a Motion to Seal, all materials that were subject to the Motion To Temporarily Seal shall be unsealed and made available to the public. Materials that are included in any proposed agreed-upon order will remain under seal until such time as the Court signs or modifies the proposed agreed-upon order. Materials included in a Motion to Seal will remain under seal until the Court rules on the Motion.

g.   To the extent that any Party seeks to have Confidential Information or Highly Confidential Information contained in its own court filing protected from public disclosure, it must follow the procedures described above. It must meet-and-confer with the other Parties over the treatment of the information at issue in the Motion to Temporarily Seal.

h.   Nothing in this Order restricts any person, including any member of the public, from challenging the filing of any Confidential Information or Highly Confidential Information under seal.

28. Any pleading that contains or refers to Confidential Information or Highly Confidential Information (or attaches such Confidential or Highly Confidential Information), in addition to being filed Under Seal as set forth in this Order, shall be filed publicly in a redacted form so as to eliminate or obscure all references to Confidential Information or Highly Confidential Information.  Such redacted public versions of pleadings shall be filed and served within five (5) business days of the original filing under seal.

29. Disclosure at trial of any Materials designated as Confidential Information or Highly Confidential Information will be governed pursuant to Court order. The parties shall meet and confer and submit a recommended order no later than 60 days before trial, outlining those procedures. Absent a ruling from the Court to the contrary, any Material designated as Confidential Information or Highly Confidential Information that appears on an exhibit list or in deposition designations, that is admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such Material will likewise be disclosed on the public record, after compliance with processes established by this Court.

**G.  Procedures upon Termination of This Action**

30. The obligations imposed by this Order survive the termination of this action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.  At the conclusion of litigation, all Confidential Information or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to appeal) returned

to the Producing Person or certified as destroyed. Nothing in this Order prevents any Plaintiff from retaining any Confidential Information or Highly Confidential Information for law enforcement purposes, or to secure compliance with any Final Judgment in this action.

31. The foregoing is entirely without prejudice to the right of any party or non-party to apply to the Court for any further Protective Order relating to Confidential Information or Highly Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: March 20, 2017

David C. Keesler
United States Magistrate Judge

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *United States of America and the State of North Carolina v. The Charlotte-Mecklenburg Hospital Authority, d/b/a/ Carolinas Healthcare System,* Case No. 3:16-cv-00311-RJC-DCK, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" (or with a similar label) are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signed in the presence of:

_____
(Attorney)