# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Case No. 3:16-cv-00311

| | |
|---|---|
| **UNITED STATES OF AMERICA and the STATE OF NORTH CAROLINA,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY d/b/a CAROLINAS HEALTHCARE SYSTEM,**<br><br>Defendant. | **PRETRIAL ORDER AND CASE MANAGEMENT PLAN** |

IN ACCORDANCE WITH the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties enter the following Pretrial Order and Case Management Plan in this matter.

| DEADLINES AT A GLANCE | |
|---|---|
| **Fact Discovery Completion:** | February 2, 2018 |
| **Expert Discovery Completion:** | July 27, 2018 |
| **Expert Reports:** | March 9, 2018 (Plaintiffs) |
| | May 4, 2018 (Defendant) |
| | June 8, 2018 (Plaintiffs' Rebuttal) |
| **Mediation:** | July 20, 2018 |
| **Dispositive Motions:** | August 3, 2018 (Initial Motion) |
| | August 31, 2018 (Opposition) |
| | September 14, 2018 (Reply) |
| **Trial:** | November 5, 2018 |

## I. DISCOVERY

A. **DISCOVERY GUIDELINES**: Discovery in this case is limited as follows: Each party may propound no more than **20** interrogatories, including subparts; no more than **30** requests for admission (excluding requests for admission to authenticate documents for trial), and take no more than **40** depositions of fact witnesses.

B. **RULE 26 DISCLOSURES**: The parties have agreed to exchange the information set forth in Rule 26(a) by **May 5, 2017**.

C. **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

D. **THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

E. **VIDEO DEPOSITIONS**: If video depositions are taken and counsel intend to use them at trial for any purpose other than impeachment, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed waived. No video deposition may be admitted as evidence at trial unless all parties have had the opportunity to attend and cross-examine the witness at the deposition. To the extent that a

party or parties reasonably believes or believe that a video deposition will be used at trial as substantive testimony in lieu of calling the witness live, no such deposition may be conducted unless the opposing party or parties have had an opportunity to conduct a discovery deposition at least ten days prior to the scheduled date of the video deposition. Such discovery deposition will not count against the deposition limit set forth in this Pretrial Order and Case Management Plan unless the discovery deposition was conducted before notice of the video deposition for use at trial. Nothing in this provision shall bar the parties from otherwise using a video deposition for all uses provided under the Federal Rules of Civil Procedure and Rules of Evidence and nothing in this provision precludes any party from having a discovery deposition recorded by video.

**F.** **PROTECTIVE ORDER**: The parties have entered into a Protective Order Regarding Confidentiality which has been adopted and entered by the Court, (Doc. Nos. 43, 45). The terms and conditions of this Protective Order are adopted by reference and incorporated into this Pretrial Order and Case Management Plan. To the extent that there is ambiguity in these orders, the terms and conditions of the Protective Order shall be followed pending any clarification or interpretation. Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

**G. DISCOVERY COMPLETION**: By **May 19, 2017**, each party shall have made any demands for "claims data"[1] that it intends to make from the following six insurers – Aetna, Blue Cross Blue Shield of North Carolina, Blue Cross Blue Shield of South Carolina, Cigna, MedCost, and UnitedHealthcare. Any subsequent demands for claims data from those six insurers may only be made with leave of the court on good cause shown. Plaintiffs and defendants shall meet and confer by **May 26, 2017,** to determine if they can demand a common set of claims data from the six insurers. The parties shall exchange preliminary fact witness lists by **September 22, 2017.** Those lists shall contain no more than 20 potential fact witnesses per side (including fact witnesses who may also offer expert testimony). If a party is unable to identify by name a witness, but is able to identify for whom the witness is (or was) employed and the category or categories of testimony about which the witness is expected to testify, a party may identify such a witness generically using this information for up to five witnesses. This generic identification does not apply to witnesses employed or formerly employed by a party and is intended to apply to potential witnesses employed or formerly employed by third parties. The parties shall exchange final fact and expert witness lists by **January 5, 2018**, not to exceed 25 fact witnesses per side and with no more than five fact witnesses not previously listed on the preliminary fact witness list. Parties may not generically identify witnesses on this final fact witness list. Any individual identified on a party's final fact witness list who was not identified on the party's preliminary witness list, including any witness who was previously identified

---

[1] Such data is understood by the parties to be "machine readable" data which sets forth claims for any requested period. It is the intent of this provision to alleviate the burden on the named third parties in producing such data, but documentary material—such as emails, spreadsheets, or other similar items—that are not machine readable and which may contain or refer to claims data is not intended to be encompassed in this paragraph.

generically may be deposed. Such new witness' depositions shall not count against the deposition limit. Thereafter, a party may add to a witness list only upon leave of court and for good cause shown. For each expert listed, the parties shall provide the name, address and affiliation of the expert as well as a copy of the expert's resume. Within ten (10) days, each side may supplement its list to add additional experts, but only if directly responsive to an expert listed by the other side**.** All factual discovery, other than discovery to authenticate documents shall be completed by **February 2, 2018**. All discovery (fact and expert) shall be complete no later than **July 27, 2018**. Supplementations per Rule 26(e) shall be due within **thirty (30) days** after obtaining applicable information. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

H. **EXPERT WITNESSES**: Pursuant to Rule 26(a)(2) and by **March 9, 2018**, the Plaintiffs shall provide expert reports from any witness they expect to testify as an expert that is either (a) retained or specifically employed to provide expert testimony in the case or (b) otherwise employed by one of them. By **May 4, 2018**, Defendant shall provide reports pursuant to Rule 26(a)(2) of any witness it expects to testify as an expert that is either (a) retained or specifically employed to provide expert testimony in the case or (b) otherwise

employed by it. The Plaintiffs shall provide rebuttal reports from any witness they expect to testify as an expert that is either (a) retained or specially employed to provide expert testimony in the case, or (b) otherwise employed by one of them by **June 8, 2018**. For any witness from which a party intends to elicit expert testimony, but who is not either (a) retained or specially employed to provide expert testimony in the case, or (b) otherwise employed by a party, the party shall provide the disclosures described in F.R.C.P. 26(a)(2)(C)(i) and (ii) on March 9, 2018 (for Plaintiffs) and on May 4, 2018 (for Defendant). If any witness was deposed before he or she was identified as offering expert testimony, that previous deposition will not foreclose another deposition as set forth in paragraph I below to explore the expert's testimony and bases thereof. Any expert witness not identified in accordance with this paragraph shall not be permitted to testify at trial.

I. **DEPOSITIONS OF EXPERT WITNESSES**: The parties shall make expert witnesses available for deposition at mutually convenient times and places. The deposition of an expert witness shall not be used by the party identifying the expert in lieu of the expert's appearance at trial unless all parties consent. Nothing in this Pretrial and Case Management Order shall bar the parties from otherwise using the deposition of an expert witness for all uses provided for under the Federal Rules of Civil Procedure and Rules of Evidence. Each party shall be responsible for the applicable fees and expenses of the expert witness identified by the party. The party taking the deposition of the expert witness is not required to subpoena the witness for attendance at the deposition. In addition, each expert shall be required to appear at a deposition with all materials the expert relied on that were not previously produced to the other side. This requirement does not alter the parties' November 15, 2016 agreement regarding what the experts are not required to preserve or

disclose and what they are required to disclose. Any party may choose to attend or conduct the deposition of an expert witness by telephone or by video-conference provided that counsel for any party to this action may appear in person at the deposition. In the event counsel for a party chooses to conduct or attend the deposition of an expert witness by video-conference, the expert witness shall be required to appear at a video-conferencing facility within 40 miles of his or her place of business. The party represented by counsel attending by video-conference shall bear the costs of travel by the expert witness to the video-conferencing facility. All parties who have counsel attend a deposition by video-conference shall split the costs of the video-conference on a pro rata basis.

**J.** **TIME LIMITATION ON DEPOSITIONS**: If the deposition of a third-party is noticed by one side, and not cross-noticed within three (3) business days of the service of the notice, then the side which issued the notice shall allot two (2) hours for examination to the side that did not issue the notice. If a deposition is cross-noticed, then the parties shall evenly split the deposition time by side. If a party cross-notices a third-party deposition, but uses two hours or less of its allocated 3.5 hours, 1.5 hours reverts to the opposing party. Otherwise, there is no reallocation of deposition time for cross-noticed or non-cross-noticed depositions. Depositions of witnesses may not extend for more than 7 hours of examination time, unless the witness agrees or the Court orders additional examination time. However, no <u>side</u> shall be permitted to examine an individual witness in deposition for more than 7 hours.

## II. MOTIONS

**A.** **DISPOSITIVE MOTIONS DEADLINE**: All motions other than motions in limine, motions challenging expert testimony under *Daubert,* and motions to continue shall be filed

no later than **August 3, 2018**. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline. Responses to dispositive motions shall be filed no later than **August 31, 2018**. Replies shall be filed no later than **September 14, 2018**. The dispositive motion and the response shall each be no more than 40 pages in length. Any reply shall be no more than 20 pages in length.

B. **MOTIONS HEARINGS**: Hearings on motions will be conducted when the Rules require a hearing, when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision, or when the Court determines it would aid the decisional process. The Court invites oral argument on dispositive motions whenever any of the attorneys believe that it would assist in the resolution of such motions. All motions requiring a hearing will be heard as soon as it is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

C. **MEMORANDA IN SUPPORT OF MOTIONS**: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. Motions not in compliance with this Order are subject to summary denial.

D. **RESPONSES AND REPLIES**: Other than as set forth in Paragraph II.A. above, responses to motions, if any, must be filed within fourteen (14) days of the date on which the motion is filed. Replies to responses, if any, must be filed within seven (7) days of the date on which the response is filed. All motions, and oppositions and replies related thereto, will be by the Court's electronic filing system and will not extend the time for a response or reply <u>provided</u> that such motion or opposition is served no later than 8:00pm, Eastern Time. Motions or oppositions served after 8:00pm, Eastern Time, shall be considered as filed for the purposes

of any response on the next business day. Any service other than by the electronic filing system or by e-mail shall be subject to Rule 6(d) and the respondent shall have an additional three (3) days to file a response or reply.

E. **ENLARGEMENT OF TIME**: If counsel need more than fourteen (14) days to file a response or seven (7) days to file a reply, a motion for extension of time shall be filed, accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

F. **MOTIONS TO COMPEL**: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

### III. TRIAL

A. **TRIAL DATE**. A bench trial is scheduled for **November 5, 2018**. The parties estimate that the total time needed for trial will be approximately **15 days**.

B. **TRIAL SUBPOENAS**: Counsel must subpoena all witnesses <u>at least ten (10) days</u> before the trial date. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline, or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline. To assist the parties in planning discovery, and in view of the possibility that potential witnesses may be located outside this District, the

parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.

**C.     COUNSEL'S DUTIES PRIOR TO TRIAL**:

  a) After **September 14, 2018**, and no later than **September 28, 2018**, counsel for all parties shall:

  i. Discuss the possibility of settlement;

  ii. Exchange copies of exhibit lists, and proposed exhibits or permit inspection if copying is impractical;

  iii. Number and become acquainted with all exhibits;

  iv. Exchange by page and line number(s) the identification of the portions of depositions which each side intends to offer into evidence; and

  v. File any *Daubert* motions related to experts or motions in limine.

  b) Counsel shall by **October 10, 2018,** exchange objections to the admissibility exhibits and the identification of depositions intended to be offered into evidence and counter-designate those portions of depositions which each intends to introduce into evidence in response to those designations.

  c) Counsel shall also file any responses to *Daubert* motions related to experts or motions in limine by **October 10, 2018**. Without leave of the Court, no replies to any such motions shall be filed.

  d) Counsel shall by **October 15, 2018,** meet and confer to resolve the admissibility of exhibits and deposition designations.

**D.     COUNSEL'S FILINGS TWO WEEKS BEFORE TRIAL**:  By **October 19, 2018,** counsel for each party shall file with the Clerk of Court each of the following:

a) A trial brief addressing all issues of fact;

   b) The deposition testimony a party will offers as evidence at trial; and

   c) Based upon the designations and counter-designations noted above, the parties shall agree on and provide a trial copy with highlighting to distinguish between such designations, subject to objection. The parties shall list in the margin or by other appropriate means, objections to such testimony and responses to those objections.

   d) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

**E.** On **October 29, 2018**, counsel for the parties will be available for a final pre-trial conference.

**F.** **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL**: No later than the morning of the first day of trial, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

   a) A witness list containing the name of every proposed witness;

   b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

   c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

   d) An exhibit list.

**G. COUNSEL'S FILINGS POST-TRIAL**: **Thirty (30) days** after the delivery of the final volume of transcript for the trial, counsel shall file with the Court their Proposed Conclusions of Law and their Proposed Findings of Fact.

**H. EXHIBITS**: Parties are expected to use presentation technology available in the courtroom. Training on the equipment should be arranged well in advance of trial with the courtroom deputy. See "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.

Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format; video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma,** or **.wav** format. Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

Exhibit 1 -   photograph of . . .

Exhibit 2(a) -   contract

Exhibit 2(b) -   video deposition of . . .

**I. FORMAT FOR EXHIBIT LIST**: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit#     Description     Objections     Identified By          Admitted

It is not necessary for counsel to make entries in either the "Identified By" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

### IV. ADR

A. **METHOD**: The method of ADR to be utilized in this case is **Mediated Settlement Conference**.

B. **DEADLINE**: The timing for completing ADR and filing a report on the results is in the parties' discretion but shall be completed no later than **July 20, 2018.**

### V. SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

Signed: May 18, 2017

_____
Robert J. Conrad, Jr.
United States District Judge