IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-cv-311-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHARLOTTE MECKLENBURG HOSPITAL AUTHORITY, d/b/a CAROLINAS HEALTHCARE SYSTEM,<br><br>Defendant. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Parties' "Joint Motion to Compel Aetna Health, Inc. To Produce Data" (Document No. 64) filed January 31, 2018. Aetna Health, Inc. ("Aetna") filed its Opposition to the Parties' Joint Motion on February 14, 2018. (Document No. 67). The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. The undersigned will grant the instant motion incorporating language agreed upon by the Parties and Aetna and attached to their "Notice Regarding Resolution Of Joint Motion To Compel" (Document No. 71) filed on March 7, 2018.

Having carefully considered the motion and the response by Aetna, and finding that no North Carolina or South Carolina statutory provision (including, but not limited to N.C. Gen. Stat. § 130A-143) precludes Aetna from producing—pursuant to the Amended Protective Order (Document No. 57) and consistent with the Parties' representation that they do not intend to disclose any patient-specific data to the public at trial—documents and data (including documents and data that contain the zip code, date of service, and date of birth or age of a person whose name

is not also contained in the documents and data) in response to the United States' subpoena to Aetna dated April 4, 2017 and Defendant's subpoena to Aetna dated May 19, 2017, and further finding that N.C. Gen. Stat. § 130A-143 does not require Aetna to notify its customers of the data production that Aetna and the Parties contemplate here, the undersigned will grant the motion.

**IT IS, THEREFORE, ORDERED** that the Parties' "Joint Motion to Compel Aetna Health, Inc. To Produce Data" (Document No. 64) is **GRANTED** and Aetna is not precluded from producing data or documents consistent with the parties' agreement with Aetna on the scope of said production.

**IT IS FURTHER ORDERED** that, within **seven (7) days** of the entry of this Order, Aetna shall provide to the Parties separate good faith estimates of when the sample productions of the data requested by the United States by emails to Aetna's counsel on December 21, 2017 (EDW data), January 19, 2018 (EDW Archived data), and February 19, 2018 (CDW data) can be produced. Within **fourteen (14) days** of the entry of this Order, the Parties agree to meet and confer should any issues or concerns about the good faith estimates arise. If necessary after such a meet and confer, Aetna shall make knowledgeable IT personnel available to speak with the Parties about Aetna's plans to make the sample productions.

**IT IS FURTHER ORDERED** that Aetna shall use its best efforts to provide sample productions of EDW, EDW Archived, and CDW data on a rolling basis and as expeditiously as possible.

**IT IS FURTHER ORDERED** that, **within ten (10) days** after the production of Aetna's sample data, Aetna shall provide to the Parties separate good faith estimates of how long it would take for Aetna to make full productions of each of the EDW, EDW Archived, and CDW data if the full productions were made in the same formats as the sample productions. Should either Party

request that Aetna make full production(s) of the EDW, EDW Archived, and/or CDW data in a format that differs from the sample production(s), Aetna shall provide a good faith estimate of how long it would take to make the full production(s) in a different format **within ten (10) days** of reaching agreement with the Parties as to the modified production format.

**IT IS FURTHER ORDERED** that Aetna shall use its best efforts to provide full productions of EDW, EDW Archived, and CDW data on a rolling basis and as expeditiously as possible after: (i) the Parties confirm that Aetna should make the full production of EDW, EDW Archived, and CDW data in the same format as the sample production; or (ii) Aetna and the Parties reach agreement that the full production of EDW, EDW Archived, and CDW data will be made in another format and/or with additional fields.

**IT IS FURTHER ORDERED** that, if Aetna comes to learn that any sample or full production may not be completed in the amount of time that it had previously estimated, then Aetna shall promptly explain to the Parties the reasons why it may not be able to meet the previous estimate and provide to the Parties a new estimate for when the sample or full production will be completed.

**SO ORDERED**.

Signed: March 8, 2018

David C. Keesler
United States Magistrate Judge