# EXHIBIT A

**North Carolina**
**Department of State Treasurer**
Office of the Treasurer



DALE R. FOLWELL, CPA
STATE TREASURER OF NORTH CAROLINA

February 8, 2019

Mr. Peter J. Mucchetti
Chief, Healthcare and Consumer Products Section
Antitrust Division, Department of Justice
450 Fifth Street NW, Suite 4100
Washington, DC 20530

The Honorable Josh Stein
N.C. Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602

Chief Mucchetti and Attorney General Stein,

The North Carolina State Health Plan for Teachers and State Employees, a Division of the North Carolina Department of State Treasurer (State Health Plan or the Plan), and I, submit these comments in response to the Notice of Proposed Final Judgment, Stipulation, and Competitive Impact Statement (Proposed Final Judgment) published on December 11, 2018, in the case of *United States et al. v. The Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas Healthcare System* (Defendant Atrium). We believe that the Proposed Final Judgment does not promote and protect consumers sufficiently and does not correct the past harm inflicted on the State Health Plan and its members. We request that you set aside the Proposed Final Judgment as contemplated and incorporate, at a minimum, the comprehensive relief we recommend.

The North Carolina General Assembly created the State Health Plan to provide comprehensive health coverage to over 720,000 teachers, state employees, current and former lawmakers, state university and community college personnel, local government employees, retirees, and their dependents. The State Health Plan spends over $3.3 billion annually to provide these benefits. The Plan's mission is to improve the health and health care of North Carolina teachers, state employees, retirees, and their dependents, in a financially sustainable manner, thereby serving as a model to the people of North Carolina for improving their health and well-being. The Executive Administrator of the Plan, the Plan's Board of Trustees and I are responsible for administering the Plan and for carrying out these duties as fiduciaries of the Plan and its members. With such expansive coverage and responsibility, the State Health Plan is significantly affected by the Proposed Final Judgment.

While we agree with the purpose of the Proposed Final Judgment to promote transparency and prevent Defendant Atrium from impeding insurers' steered plans, we have concerns with how

3200 Atlantic Avenue • Raleigh, North Carolina 27604
Courier #56-20-45 • Telephone: (919) 814-3800 • Fax: (919) 855-5805 • www.NCTreasurer.com
Case 3:16-cv-00311-RJC-DCK   Document 97-1   Filed 04/01/19   Page 2 of 4

Defendant Atrium will be monitored to comply with the Proposed Final Judgment, the level of transparency that is being asked of Defendant Atrium, and the possible preclusion of monetary relief and penalties.

**Compliance:**

The Proposed Final Judgment requires that, within 60 calendar days of entry of the Final Judgment, Defendant Atrium must develop and implement procedures that comply with the terms of the Final Judgment. Defendant Atrium must submit its plan in writing within 270 calendar days of entry of the Final Judgment to the United States and the State of North Carolina. The Proposed Final Judgment also states that the United States and State of North Carolina, upon written request and reasonable notice, can access and review materials pertaining to the implementation of the Proposed Final Judgment, to ensure that the Defendant Atrium is in compliance.

The compliance mechanisms contained in the Proposed Final Judgment are insufficient. To ensure Defendant Atrium is not utilizing contracts that prevent, prohibit, or penalize steering, we recommend that Defendant Atrium submit its compliance plan in writing within 90 days, rather than 270 days, and begin implementation of these compliance measurers as soon as possible. We also recommend the appointment of an independent auditor to monitor compliance on a quarterly basis, at the expense of Defendant Atrium.

**Transparency:**

There should be no exceptions to the transparency requirement. The public must be able to evaluate price, cost, and quality to prevent future Sherman Act violations. We object specifically to the quoted language below, found within the Permitted Conduct Section of the Proposed Final Judgment:

> Nothing in the Final Judgment will prevent or impair Defendant from enforcing current or future provisions, including but not limited to confidentiality provisions, that (i) prohibit an Insurer from disseminating price or cost information to Defendant's competitors, other Insurers, or the general public; and/or (ii) require an Insurer to obtain a covenant from any third party that receives such price or cost information that such third party will not disclose that information to Defendant's competitors, another Insurer, the general public, or any other third party lacking a reasonable need to obtain such competitively sensitive information.

*United States et al. v. The Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas Healthcare System*, 83 Fed. Reg. 63674 (published Dec. 11, 2018).

Consumers need price information to make informed decisions about their health care and to prevent future similar restrictions that would create barriers to competition.

**Damages:**

We are concerned that the Proposed Final Judgment may preclude the State Health Plan and its 720,000 members from pursuing damages to both remedy the harm they have incurred and to discourage future anti-competitive behavior. Over the past two decades, the Plan and its members have paid Defendant Atrium over $1.8 billion for health care services. Even if, as a result of Defendant Atrium's anti-competitive actions, the Plan and its members overpaid Defendant Atrium by only 5% over this time period, it would have cost North Carolina taxpayers over $90 million. Not only should Defendant Atrium not be allowed to retain such amounts obtained through illegal behavior, penalties to discourage future activities make sense in this case. Thus, we ask that the Proposed Final Judgment be modified to make clear that the State Health Plan or any of its members are not precluded from pursuing damages, including those intended to penalize the Defendant.

**Conclusion:**

Just recently, President Donald J. Trump addressed the current State of the Union. In his remarks, President Trump asked Congress to pass legislation that finally delivers fairness and price transparency for American patients. He remarked that drug companies, insurance companies, and hospitals should disclose real prices to foster competition and bring costs down.

The Proposed Final Judgment does not promote or protect consumers sufficiently and does not correct the past harm inflicted on the State Health Plan and its over 720,000 members. We are opposed vehemently to anti-competitive policies and activities such as those employed by Defendant Atrium, and believe that strict compliance standards, full transparency, and payment of damages to the fullest extent possible are vital to promoting and protecting consumerism in the North Carolina health care market and to remedying past harm. We trust that you will take our feedback into consideration, and set aside the Proposed Final Judgment, or modify it as we have suggested.

Dale R. Folwell, CPA
North Carolina State Treasurer